Judgment reversed.

---

## Pierce *v.* Thomas and others.

A broker cannot recover commissions from the vendor on a sale of real estate, without showing an employment to sell, or such an adoption of his acts or acceptance of his services by the owner, as is equivalent to an original employment.

Where the owner expressly refused to employ him, or suffer him to offer the property for sale on the owner's behalf; *held,* that the mere fact that the broker sent a purchaser to the owner, to whom the latter negotiated a sale, did not entitle the broker to commissions.

Where a judgment obtained by default is allowed to stand as security, and, the defendant being let in to defend, the plaintiff again recovers a judgment which is reversed on appeal; the former judgment falls with the reversal of the second.

APPEAL by the defendants from one of the lower courts, where the plaintiff recovered for commissions as a broker, under the circumstances appearing in the opinion.

BY THE COURT. WOODRUFF, J.—We are very reluctant to interfere with a judgment of the court below, when it rests upon a finding of facts on controverted evidence; but when there is no evidence to support the judgment, or it is rendered against positive evidence uncontradicted and unexplained by counter proofs, we are constrained to conclude that the judgment is rendered under some misapprehension respecting the rules of law by which the rights of the parties are controlled.

To entitle a broker to recover commissions for effecting a sale of real estate, it is indispensable that he should show that he was employed by the owner, (or on his behalf,) to make the sale. A ratification of his act, where original employment is wanting, may, in some circumstances, be equivalent to an original retainer, but only where there is a plain intent to ratify. An owner cannot be enticed into a liability for commissions against his will. A mere volunteer without authority is not entitled to commissions, merely because he has inquired the price which an owner asks for his property, and has then sent a person to him who consents to take it. A broker has no better claim to recover for voluntary service, rendered without employment, and not received and acted upon by the owner as rendered in his behalf, than any other volunteer. But the proofs in this case show a case quite free from doubt; here not only was no employment to sell proved, but it was shown, without contradiction, that the defendants refused to employ the plaintiff as their broker, and told him they would not give him the property to sell, would not permit him to put a bill on it, and would not hire a broker about it in any manner.

Notwithstanding this distinct refusal to suffer him to become their agent to sell the property, the plaintiff seeks to recover upon showing that he sent to the defendants a pur-

chaser, and that the defendants did state to his clerk the price which they asked for the lots.

If, upon this proof, an owner is liable, and against his express refusal to employ the plaintiff, then no man is safe in stating to applicants the terms upon which he will sell. It is not true that an owner may not declare his price to whom he will, without the hazard of paying commissions to those who volunteer, unasked, to send him a purchaser on his own terms. After having refused to employ the plaintiff to sell, the defendants were rather warranted in supposing that the plaintiff sent the purchaser to them in pursuance of an employment by the purchaser to buy them. In conjecturing that the plaintiff, in spite of their refusal, was assuming to act as their agent.

The counsel for the respondent suggests, that notwithstanding the defendants' refusal to employ the plaintiff, there may have been a change of purpose and a subsequent employment. It must suffice to say, that there is no evidence of such a change of disposition, and without some proof, neither this court, nor the court below, are warranted in indulging in mere conjecture to sustain the plaintiff's claim.

In relation to the claim made in the notice of appeal to reverse two judgments, it is probably sufficient to say, that as the first stands only as security for the second, it must fall with it.

Judgment reversed, with costs.